IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**DANIEL JOSEPHRAY KANE,**

    Petitioner,

v.                                 Case No. 3:20cv5876-MCR/MAF

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

On or about October 7, 2020, Petitioner Daniel Josephray Kane, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. After direction from this Court, ECF No. 3, Petitioner filed an amended § 2254 petition, ECF No. 4. He challenges his judgment and sentence entered October 19, 2018, by the First Judicial Circuit, Escambia County, following a jury trial in case number 2017-CF-5793A. ECF No. 4 at 1-2.

On February 9, 2021, Respondent filed a motion to dismiss the amended § 2254 petition, with exhibits. ECF No. 7. Respondent asserts Petitioner's claims are unexhausted and procedurally defaulted. *Id*.

Petitioner has now filed a Motion for Voluntary Dismissal. ECF No. 8.

Petitioner requests the Court dismiss his amended § 2254 "so he may fully exhaust cognizable claims on the state level." *Id*. at 1. Petitioner asserts that since he filed his § 2254 petition, he "has discovered claims cognizable on the federal level which have yet to be raised on the state level which [he] is still within the time limits to file." *Id*. at 2.

Notably, Petitioner states that "[a]s of this time," he "is unaware of any response by Respondent." *Id*. Petitioner's motion was submitted for mailing on February 25, 2021. *Id*. Respondent's motion to dismiss, filed February 9, 2021, indicates it was served on Petitioner at Petitioner's stated address. *Compare* ECF No. 7 at 8 *with* ECF No. 1 at 1, 12, and ECF No. 4 at 16.

Because Respondent has already served a response, this case may not be dismissed at Petitioner's request except by order of the Court. *See* Fed. R. Civ. P. 41(a)(2). In particular, Federal Rule of Civil Procedure 41(a)(2) allows for the voluntary dismissal of an action "by court order, on terms that the court considers proper." Petitioner Kane may dismiss his action, but he should be aware that such dismissal may foreclose future federal habeas review of his conviction.

Specifically, Petitioner is cautioned that, under the Anti-Terrorism and

Effective Death Penalty Act (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. Id. § 2244(d)(1)(A).[1] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. Id. § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). **The filing of his federal habeas petition does not toll the AEDPA limitations period, and a dismissal of the federal petition without prejudice does not excuse a petitioner from the one-year limitations period**. See, e.g., Duncan v. Walker, 533 U.S. 167, 181-82 (2001). See also, e.g., Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for

---

[1] Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

Case No. 3:20cv5876-MCR/MAF

filing his federal habeas petition has run."); <u>Tinker v. Moore</u>, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").

### <u>Recommendation</u>

Because Petitioner has specifically requested this case be dismissed, it is therefore respectfully **RECOMMENDED** that the Court **GRANT** Petitioner's motion (ECF No. 8) and this action be **DISMISSED without prejudice**, unless Petitioner Kane requests to withdraw his motion within the time allowed for objections to this Report and Recommendation.

**IN CHAMBERS** at Tallahassee, Florida, on March 11, 2021.

        **S/ Martin A. Fitzpatrick**
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

### <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not</u>**

**control**.   **If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**   *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**